PER CURIAM.*
Relator, Transit Management of Southeast Louisiana, Inc., seeks review of ruling of the district court regarding discovery. For the reasons assigned, we grant the writ, vacate the ruling of the district court and remand for further proceedings.
Plaintiffs, Stephen Schweitzer and Sandra Miller, filed the instant petition individually and on behalf of their minor daughter, Shannon, against several defendants, including relator. Plaintiffs alleged that Shannon was a guest at a private birthday party on a streetcar operated by relator, and was injured when she fell out of the window of the streetcar.
During discovery, relator took the deposition of an adult passenger on the streetcar at the time of the accident. According to this passenger, seven year old Michael Friedlander was part of a group of boys “taunting” Shannon right before she fell out of the window. Based on this information, relator filed a motion to take Michael’s deposition.
Michael’s parents opposed the motion, contending that Michael’s testimony was unnecessary and would cause him emotional risks. In support, they attached affidavits from the headmaster and chaplain at Michael’s school, as well as Michael’s pediatrician and a clinical psychologist. All of these affidavits indicated that it would cause Michael considerable mental stress to answer questions about the incident.
After a hearing, the district court denied relator’s motion to take Michael’s deposition and granted a protective order “enjoining any party in this matter from making any further attempts to obtain Michael Friedlander’s deposition or otherwise obtain his testimony.” Relator applied for supervisory writs from this ruling. The court of appeal denied relief, and this application followed.
The scope of discovery is set forth in La.Code Civ. P. art. 1422, which provides that the parties “may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action.... ” In the instant case, Michael’s testimony is clearly relevant to the subject matter in the pending action, and there is no suggestion that it is privileged in any way. Thus, this information is discoverable.
We share the district court’s concern that a deposition of a child of Michael’s age could be stressful. However, the district court abused its discretion by prohibiting relator from taking Michael’s deposition. The trial court may consider alternative methods to reduce the level of stress to the child while at the same time preserving relator’s right to obtain information necessary to its defense.
Accordingly, the writ is granted. The judgment of the district court enjoining any party from taking the deposition of Michael Friedlander is vacated and set aside. Relator’s motion to take the deposition of Michael Friedlander is granted, subject to the provision that the district court may, with input from all parties, fashion an appropriate protective order imposing reasonable conditions on the taking of the deposition. The case is remanded to the district court for further proceedings.

 Kimball, X, not on panel. Rule IV, Part II, § 3.